UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

DAVID S.,

Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

Defendant.

_____

Case No. 19-cv-1936-ECW

**ORDER**

The above matter came before the undersigned on August 31, 2020 on Plaintiff's Motion for Summary Judgment (Dkt. 13) and Defendant's Motion for Summary Judgment (Dkt. 17). The Court heard oral argument on the matter and then ruled on the record at the hearing. The Court explained its reasoning in detail during its ruling from the bench, and this Order is intended to briefly restate that ruling.

Judicial review of the Commissioner's denial of benefits is limited to determining whether substantial evidence on the record as a whole supports the decision, 42 U.S.C. § 405(g), or if the ALJ's decision resulted from an error of law. *Nash v. Comm'r, Soc. Sec. Administration*, 907 F.3d 1086, 1089 (8th Cir. 2018) (citing 42 U.S.C. § 405(g); *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018)). "'Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusions.'" *Id.* (quoting *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007)). The Court "considers evidence that detracts from the

Commissioner's decision as well as evidence that supports it." *Id.* "If substantial evidence supports the Commissioner's conclusions, this court does not reverse even if it would reach a different conclusion, or merely because substantial evidence also supports the contrary outcome." *Id.* (citation omitted).  As the Supreme Court recently explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

The narrow issue in this case is whether the ALJ failed to account for noise limitations as the result of Plaintiff's bilateral moderate to severe sensorineural hearing loss in the residual functional capacity ("RFC"), resulting in a decision that is not supported by substantial evidence.  The Commissioner claims that the RFC is supported by substantial evidence.  Plaintiff seeks a remand of this matter to the ALJ.

The parties do not dispute that Plaintiff suffers from hearing loss.  In her decision, Administrative Law Judge Corinne T. McLaughlin ("ALJ") found that "the record documents a history of sensorineural hearing loss treated successfully with hearing aids. As the symptoms of these impairments resolved or did not result in ongoing significant symptoms the undersigned finds that these are non-severe impairments." (R. 22.)  The ALJ also noted that Plaintiff "also stated that he wears a hearing aide [sic] and that he can hear alright as long as he is not in a loud environment." (R. 26.)  However, the ALJ did

2

not address whether Plaintiff's hearing needed to be protected from noise.

The ALJ "bears the primary responsibility for assessing a claimant's [RFC] based on all relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). In determining a claimant's RFC, the ALJ must consider all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his or her limitations. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (same) (citation omitted). The Eighth Circuit has held that "a claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). "[S]ome medical evidence must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace." *Id.* (quotation marks and citations omitted).

When a Plaintiff has at least one severe impairment, "the limiting effects of all" Plaintiff's impairment(s) are considered in determining a Plaintiff's residual functional capacity, including severe and non-severe impairments. *See* 20 C.F.R. § 404.1545(a)(1)-(2) (an ALJ must consider all relevant evidence, including non-severe impairments, in his RFC determination); 20 C.F.R. § 416.945(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe'. . . ."). Indeed, the Eighth Circuit has concluded that "[e]ven 'non-severe' impairments must be considered in the RFC." *Igo v. Colvin*, 839 F.3d 724, 730 (8th Cir. 2016) (citing *Ford v.*

*Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)).[1]

Moreover, "[a] person may have the physical and mental capacity to perform certain functions in certain places, but to do so may aggravate his or her impairment(s) or subject the individual or others to the risk of bodily injury.  Surroundings which an individual may need to avoid because of impairment include those involving extremes of temperature, noise, and vibration…"  Titles II & XVI: Capability to Do Other Work – The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments, SSR 85-15, 1985 WL 56857 at *8 (S.S.A. 1985).

In this case, the ALJ in finding Plaintiff not disabled concluded as follows: "[b]ased on the testimony of the vocational expert, the Administrative Law Judge finds that the claimant can perform his past relevant work as a potato chip picker/sorter."  (R. 31.)  During the hearing before the ALJ, the Vocational Expert ("VE") testified that the ALJ's hypothetical individual would not be able to perform any of his past positions if they were limited to a moderate level of noise:

> Q Okay.  And what if the individual was limited to a moderate level of noise in addition to all of the other limitations?
>
> A Let me just check that Your Honor.  It's something that I never really have a sense of understanding until I really check it.  I -- I've been in those

---

[1]  The Court notes that although an ALJ should consider both severe and non-severe impairments when determining a claimant's RFC, if the record does not support limitations from the non-severe impairment, the ALJ need not account for the impairment.  *See Shane T. v. Saul*, No. CV 18-634 (BRT), 2019 WL 4143881, at *5 (D. Minn. Aug. 30, 2019) (citing *Hilkemeyer v. Barnhart*, 380 F.3d 441, 445 (8th Cir. 2004) (finding the "ALJ's decision not to incorporate [the] mild pulmonary dysfunction in the RFC, as well as in the hypothetical posed to the VE, was not error because the record [did] not suggest there were any limitations caused by this non-severe impairment")).

4

>environments and they're -- they're not quiet.  They're loud, yes, as defined by the SCO so that would not comply with that piece, Your Honor.
>
>Q Okay, so if any -- any of those hypotheticals have that additional limitation, that past work would be precluded?
>
>A That's correct.

(R. 275.)

The ALJ not address Dr. Darren McDonalds' warning to Plaintiff that he should protect his ears. (R. 666.) While the ALJ addressed a portion of the February 17, 2017, Medical Source statement from Sarah Hammes, M.D., the ALJ ignored the portion dealing with noise. (R. 28.) The limitations from Dr. Hammes included avoiding all exposure to noise. (R. 881.) The reasoning from Dr. Hammes for her opinion was that Plaintiff already had hearing loss and needed to avoid noise exposure. (R. 881.)

Defendant's argument that the ALJ relied on the Medical Expert ("ME") (Dkt. 18 at 8) ignores the fact that while the ME at the hearing before the ALJ noted that Plaintiff had an obvious hearing deficit, he did not address any environmental limitations, such as noise. (R. 267-70.) Defendant also asserted in his brief and at the hearing before the Court that the fact that Plaintiff was able to drive, do laundry, use public transportation, and go to the store, all of which are activities involving noise, supported the ALJ's conclusion that the RFC did not need to include noise limitations. (Dkt. 18 at 8.) However, the Eighth Circuit has cautioned against discounting subjective complaints merely based on daily activities. *See Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005) (noting discounting claimant's subjective complaints not appropriate merely because her "activities of daily living involved some light exertional activities, such as

5

household chores, laundry, grocery shopping, mowing, and other chores"). Moreover, engaging in such activities intermittently is not the same as working full-time at a position (potato chip sorter/picker) which the VE has established is "loud" under the DOT/SCO. *See also* DOT 529.687-186 SORTER, AGRICULTURAL PRODUCE.

It appears from the RFC that the ALJ drew upon her own inferences from somewhere from the record to develop the RFC as it pertains to Plaintiff's noise tolerance. "[A]n administrative law judge may not draw upon [her] own inferences from medical reports." *Shontos v. Barnhart*, 328 F.3d 418, 427 (8th Cir. 2003) (quoting *Lund v. Weinberger*, 520 F.2d 782, 785 (8th Cir. 1975)). The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995) (finding that an ALJ must fully and fairly develop the record so that a just determination of disability may be made).

The Court finds that remand is appropriate in this case because there is an incomplete record as to whether Plaintiff needs noise protection at work and how that would affect his ability to perform his past relevant work. The Court also finds that remand in this case is appropriate because to the extent the ALJ had a basis for not including a noise environmental limitation in the RFC, it is not apparent from the record what that was based on or what the reasoning was, and did not adequately address the medical evidence supporting a noise limitation.

This matter is remanded back to the ALJ to develop the record, whether it be through Plaintiff's treating providers, other medical experts, additional medical records or some combination thereof to determine the extent of Plaintiff's impairment caused by any

6

decreased tolerance to noise in evaluating Plaintiff's RFC, and as the evidence warrants, frame a revised hypothetical question to a vocational examiner.

## ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff David S.'s Motion for Summary Judgment (Dkt. 13) is **GRANTED**;

2. Defendant Commissioner of Social Security Andrew Saul's ("Defendant") Motion for Summary Judgment (Dkt. 17) is **DENIED**;

3. This case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with the Court's Order as set forth on the record; and

4. This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: September 3, 2020                *s/Elizabeth Cowan Wright*
                                        ELIZABETH COWAN WRIGHT
                                        United States Magistrate Judge